```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
JORDAN S. JOSEPHSON and JORDAN S.
JOSEPHSON, M.D., P.C., individually
and on behalf of all others
similarly situated,

                    Plaintiffs,
                                              MEMORANDUM & ORDER
          -against-                           04-CV-3647(JS)(ETB)

EMPIRE BLUE CROSS AND BLUE SHIELD,

                    Defendant.
----------------------------------------x
Appearances:
For Plaintiffs        Lee Squitieri, Esq.
                      Squitieri & Fearon, LLP
                      32 East 57th Street
                      New York, New York 10022

For Defendant         Kimberly C. Lawrence, Esq.
                      Hinman Straub, P.C.
                      121 State Street
                      Albany, New York 12207
```

SEYBERT, District Judge:

On August 23, 2004, Plaintiff Jordan S. Josephson ("Plaintiff or "Josephson") commenced a putative class action against Defendant Empire Blue Cross and Blue Shield ("Defendant" or "Empire") alleging that Defendant failed to honor valid assignments of medical benefits by its policy holders to healthcare providers. Pending before the Court is Defendant's motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons explained below, Defendant's motion is GRANTED.

BACKGROUND

The following facts have been taken from the Complaint and are presumed true for the purposes of this motion.

In 1995, Ann Cohen commenced a class action on behalf of Empire healthcare plan subscribers, challenging the methodology Empire used in calculating reimbursement for services rendered by non-participating healthcare providers. (Compl. ¶¶ 13-20.) The putative class period in the Cohen action ranged from 1989 to September 1996. See Ann R. Cohen, et al. v. Empire Blue Cross and Blue Shield, No. 95-CV-4553 (TCP)(E.D.N.Y.). In 2002, the Cohen action was settled. As part of the Cohen Settlement Agreement, the class plaintiffs' claims were dismissed with prejudice and Empire agreed to pay $21,633,238.00 ("Additional Reimbursement Monies") to a fund for class claimants. (Compl. ¶ 25.)

Plaintiff in this action is a medical service provider. He alleges that he, and other medical service providers ("Provider Assignees"), hold valid assignments of the claims of certain of the Cohen plaintiffs -- specifically, participants in Empire's "TraditionPlus Wraparound," "Wraparound Plus" and "Tradition Plus" policies. (Compl. ¶ 8.) According to Plaintiff, Empire was on notice of the Provider Assignees' assignments, and it previously was Empire's business practice to honor such assignments by tendering payment of benefits directly to the Provider Assignees. (Compl. ¶¶ 21-23.)

Plaintiff claims that he and the other Provider Assignees are entitled to a portion of the Cohen Settlement, but are being denied monies due. (Compl. ¶¶ 3, 25-28.) Plaintiff alleges that,

2

because Empire had notice of the assignments of benefits, the Cohen settlement "could not purport or attempt to settle and extinguish" his claims or the claims of the other Provider Assignees. (Compl. ¶ 24.) In seeming contrast to this position, however, Plaintiff defines the putative class as "all Provider Assignees under Defendant Empire's individual and group health insurance policies [the "Contracts"] <u>who were part of the certified class and settlement class in the Cohen Action</u>." (Compl. ¶ 11 (emphasis added).)

Plaintiff alleges that Empire has "failed and refused to [remit the Additional Reimbursement Monies] despite notice of such assignment and demand for payment thereunder." (Compl. ¶ 5.) Instead, Plaintiff asserts that Empire has "has wrongfully tendered . . . payment[s] to the settlement class members in the Cohen action." (Compl. ¶ 31.) Plaintiff has not sought to claim any funds directly from the Cohen settlement fund administrator because he was informed by Empire personnel that any attempt would be futile. (Compl. ¶ 28.)

On August 23, 2004, Plaintiff commenced this putative class-action, alleging claims for: (1) breach of contract; (2) monies due under assignment; and (3) violation of N.Y. Insurance Law § 3224-a ("Prompt Pay Law"). Plaintiff seeks damages, on behalf of himself and the rest of the putative class, in the amount of "at least . . . $21,633,238.00." (Compl. ¶ 27.)

3

Empire has moved to dismiss the Complaint as barred by the Settlement Agreement, the statute of limitations, and res judicata. In addition, Empire argues that all claims must be dismissed because none of the putative class plaintiffs can possibly hold valid assignments. Finally, Empire contends that Plaintiff's claim under the New York's Prompt Pay Law must be dismissed because that statute does not provide for a private right of action.

LEGAL STANDARD

A district court should grant a motion to dismiss only if "'it is clear that no relief could be granted under any set of facts that could be proved consistent with allegations.'" H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 249-50, 109 S. Ct. 2893, 106 L. Ed. 2d 195 (1989)(quoting Hishon v. King & Spaulding, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984)). In applying this standard, a district court must "read the facts alleged in the complaint in the light most favorable" to the plaintiff and accept these factual allegations as true. Id. at 249; see also Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 165, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993)(noting the Federal Rules' liberal system of notice pleading).

In deciding a motion to dismiss, the district court's duty "is merely to assess the legal feasibility of the complaint,

not to assay the weight of the evidence which might be offered in support thereof." Sims v. Artuz, 230 F.3d 14, 20 (2d Cir. 2000); see also Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The appropriate inquiry, therefore, is not whether a plaintiff's claims are ultimately meritorious, but whether the plaintiff is entitled to offer evidence to support them. See Ricciuti v. New York City Transit Auth., 941 F.2d 119, 123-24 (2d Cir. 1991) (plaintiff is not compelled to prove his or her case at the pleading stage).

A plaintiff is not required to set out in detail the facts upon which he or she bases a claim. Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). A plaintiff need only give a statement of his or her claim that will give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." Id. Therefore, where a complaint is filed that charges each element necessary to recover, the dismissal of the case for failure to set out evidential facts can seldom be warranted. See U.S. v. Employment Plasterers' Ass'n, 347 U.S. 186, 189, 74 S. Ct. 452, 98 L. Ed. 618 (1954).

However, allegations that are so baldly conclusory that they fail to give notice of the basic events and circumstances of which a plaintiff complains are meaningless as a practical matter and, as a matter of law, are insufficient to state a claim. See Barr v. Abrams, 810 F.2d 358, 363 (2d Cir. 1987).

5

DISCUSSION

Defendant argues that the Plaintiff's claims are barred because the Contracts at issue contain anti-assignment clauses. According to the Defendant, the anti-assignment clauses preclude the Plaintiffs from assuming any rights as assignors of the Contracts. Plaintiff contends that the anti-assignment clause was either waived or not absolute. This Court finds that, despite the Plaintiff's contentions, the Contracts were not assigned. Thus, there are no rights that could inure to the Plaintiff and this case must be dismissed.

By their own admission, the Plaintiff's action is based on their rights as assignees of the Contracts. In order for the Plaintiff to maintain any action whatsoever there must be some relationship between the parties. See Conroy v. Ford Motor Corp., 147 A.D.2d 885, 887, 538 N.Y.S.2d 110 (3d Dep't 1989). Here, the relationship between the Plaintiff and the Defendant is based on Contracts which specifically state that assignment is not permitted. Plaintiff, however, asserts that the anti-assignment clause of the Contracts was either waived or it was not absolute.[1]

Due to the actions of the Defendant, Plaintiff claims

---

[1] Both parties cite to, and interpret, Brandoff v. Empire Blue Cross and Blue Shield, 183 Misc. 2d 936, 707 N.Y.S.2d 291 (N.Y. Civ. Ct., N.Y. County 2000). The Brandoff case is not akin to the case presented here. Here, there are Contracts that contain certain clauses specifically relating to anti-assignment and waiver. In Brandoff, the court could not determine whether, or not, the contact contained an anti-assignment clause. The situation here is very different.

that there were waivers of the anti-assignment clauses. Plaintiff correctly states that anti-assignment clauses in health insurance contracts can be waived. See Brandoff, 183 Misc. 2d 936. Despite Plaintiff's assertion, this argument fails because of another contractual claim.

Within the Contracts at issue there is another clause which states "[i]f the claim is for the services of only one provider and the fee has not been paid, the payment may go to the provider or to you, at our option." Thus, Defendant asserts even if there were payments made directly to one, or more, of the purported class members there was no general waiver of the anti-assignment clauses. This Court agrees.

To interpret the Contracts in any other manner would be to render one of the clauses of the Contracts meaningless. The Second Circuit Court of Appeals has instructed the district courts to interpret contracts such that all provisions have meaning. See Summer Communications, Inc. v. Three A's Holding, L.L.C., No. 97-CV-9095, 1999 U.S. App. LEXIS 3174, at *2 (2d Cir. Feb. 26, 1999). This Court must interpret the Contracts at issue in such a way so that all of the provisions have meaning. Here, the only way in which the Contracts can be interpreted is to find that Defendant had the ability at its "option" to assign the payment. It was completely up to Defendant when, and to what extent, to waive the anti-assignment clause. The alleged fact that Defendant did so

7

does not constitute a broad waiver sufficient to make Plaintiff an assignee.

Furthermore, Plaintiff's argument that the anti-assignment clauses were not absolute fails. As discussed above, the anti-assignment clause may not have been absolute to the extent that Defendant desired to waive the clause. However, that fact does not establish that the anti-assignment clause was not absolute. The language of the Contracts at issue does not permit this case to proceed. Defendant had a right to waive the anti-assignment clause at their option and, as alleged, did so. Even assuming that Defendant did, at times, waive the anti-assignment clauses, such waiver was limited to those instances.

Having found that the Plaintiff is not an assignee of the Contracts at issue his claims must fail. The Court does not, at this time, make any ruling as to the other grounds for dismissal of Plaintiff's claims. It is noted, however, that there may be merit in Defendant's other arguments. Briefly, if Plaintiff is in the class, and was not a part of the class action, whatever claims he has are barred by the express terms of the <u>Cohen</u> settlement. Plaintiff makes some argument -- contained solely in his opposition to the motion to dismiss -- that he did not receive notice of a class action and, thus, was denied due process rights. This Court does not make any findings as to this argument but notes that failure to receive notice of the class action is not contained in

the Complaint.  Moreover, no law has been identified by either party, or this Court, that stands for the proposition that a potential assignee must receive notice of a class action.

If Plaintiff is not in the class, he is time barred as not having commenced this action within the statute of limitations. Plaintiff argues that the statute has not run because of when the <u>Cohen</u> settlement was funded.  Inherently, this argument does not seem to make sense because if the Plaintiff is not in the class he cannot receive any funds from the <u>Cohen</u> settlement.  Thus, this argument would also likely fail.  However, the merits of any arguments other than the lack of a valid assignment are not decided herein.

<u>CONCLUSION</u>

For the reasons explained above, Plaintiff's Complaint is hereby DISMISSED.  The Plaintiff is unable to assert this action because he is not an assignee of any rights from the Contracts at issue.

The Clerk of the Court is directed to mark this case as CLOSED.

                                        SO ORDERED

                                      <u>/s/ JOANNA SEYBERT</u>
                                      Joanna Seybert, U.S.D.J.

Dated:    Central Islip, New York
            September <u>28</u> , 2005